Dear Mr. Privat:
In your opinion request of recent date you inquire whether Dr. Marietta W. James may continue to be employed as an instructor at McNeese State University and simultaneously serve as Superintendent of Acadia Parish Schools.
The Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61,et seq., governs our response and provides, pertinently:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
* * * * *
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
* * * * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerk of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
Employment with McNeese University is employment in the government of this state, while employment as Superintendent of Acadia Parish Schools constitutes employment within a separate political subdivision. (See definitions quoted above.) From the information provided, Dr. James would teach one finance course at the university constituting only part-time employment. The prohibition extends only to the holding of two full-time employments, and as such is not the case here, the arrangement is legally permissible.
For your further information, we would also point out that the law provides an exception for those serving in a professional educational capacity, as stated in LSA-R.S. 42:66(B):
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional education capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added).
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: May 31, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL